UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Plaintiff,<br>　v.<br>CONNIE GIBSON, et al.,<br>　　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-01395-GBC (PC)<br><br>ORDER DENYING MOTION FOR SERVICE<br><br>(ECF Nos. 8 & 12) |

**ORDER**

**I.	PROCEDURAL HISTORY**

Plaintiff Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 22, 2011 and consented to Magistrate Judge jurisdiction on August 30, 2011.  (ECF Nos. 1 & 5.)  Pending before the Court are Plaintiff's Motion for Injunctive Relief and Motion for Service.  (ECF Nos. 8 & 12.)

**II.	INJUNCTIVE RELIEF**

In the Motion for Injunctive relief, Plaintiff lists numerous activities that he would either like the Court to force Defendants to provide (medical treatment) or order

Defendants to cease (obstructing mail). Plaintiff states that he is suffering irreparable harm and injury as a direct result of Defendants actions or inactions. Plaintiff alleges that there is no plain and speedy adequate remedy at law and that money damages are not sufficient. Plaintiff also requests declaratory relief. Plaintiff then describes alleged constitutional violations most of which are also contained in the Complaint.

In the Motion for Service, Plaintiff appears to be seeking injunctive relief. Plaintiff states that Defendants are retaliating in various ways against him and that he would like a protective order.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Relief

Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

The Court finds that Plaintiff's conclusory statements are insufficient to demonstrate the necessary requirements to attain injunctive relief.  Plaintiff has not established that he is likely to succeed on the merits in this case, has failed to show that he is likely to suffer irreparable harm in the absence of an injunction, and does not address the balance of equities or the public interest, both of which are prerequisites to the issuance of an injunction.  Overall, the Court finds that Plaintiff has failed to meet his burden with respect to the issuance of an injunction.

Much like Plaintiff's Complaint, the Motions contain laundry lists of alleged constitutional violations.  However, there are not any specific examples of actions or inactions by any named individuals.  These lists and conclusory statements fail to state any claims upon which relief may be granted.

The Court also notes that Plaintiff states that he would like a court order declaring that Defendants' acts and omissions violated Plaintiff's constitutional rights.  With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should

be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that Defendants violated Plaintiff's rights is unnecessary.

## III. SERVICE

Plaintiff also seeks to have the Defendants served. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

With respect to service, the Court will, sua sponte, direct the United States Marshal to serve the Complaint only after the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants. As the Court has yet to screen Plaintiff's case, his request for service is premature and unnecessary. As the Court has a significant number of prisoner civil rights cases pending before it, it will screen Plaintiff's complaint in due course.

//

IV.     **CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's request for injunctive relief is DENIED;

2.  Plaintiff's request for declaratory relief is DENIED; and

3.  Plaintiff's request for service is DENIED.

IT IS SO ORDERED.

Dated:   October 10, 2011

UNITED STATES MAGISTRATE JUDGE