# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CONNIE GIBSON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-01395-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. 17) |

　　　Plaintiff Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 22, 2011 and consented to Magistrate Judge jurisdiction on August 30, 2011. (Docs. 1, 5). On October 14, 2011, Plaintiff filed a motion seeking judicial intervention for protection from imminent danger. (Doc. 17).

　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Id.* Also, an injunction should not issue if the plaintiff

"shows no chance of success on the merits." *Id.* At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Id.*

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The Court's jurisdiction is further limited by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In Plaintiff's motion for preliminary injunction, Plaintiff asserts that "subordinates" are threatening to murder him for litigating the action. Plaintiff does not state who is making the detah threat nor does Plaintiff provide any details regarding the alleged death threat. (Doc. 17). As with Plaintiff's previous motion for preliminary injunction, the Court finds that Plaintiff's conclusory statements are insufficient to demonstrate the necessary requirements to attain injunctive relief. Plaintiff has not established that he is likely to succeed on the merits in this case, has failed to show that he is likely to suffer irreparable harm in the absence of an injunction. Moreover, as the new claim in the motion for injunction is unrelated to the underlying claims in Plaintiff's complaint, it the Court lacks jurisdiction over the new unrelated claim and the Court cannot issue an order remedying claim where it lacks jurisdiction over the claim. *See Price v. City of Stockton*, 390 F.3d

1105, 1117 (9th Cir. 2004).

    Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for preliminary injunctive relief, filed October 14, 2011, be DENIED for lack of jurisdiction. If Plaintiff is sufficiently concerned that he would like the Court to request that the Warden of Corcoran State Prison look into his contentions, Plaintiff may file a notice indicating as such.

IT IS SO ORDERED.

Dated:   October 25, 2011

UNITED STATES MAGISTRATE JUDGE