# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIBSON, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-CV-01395-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. 1<br><br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Screening Requirement and Standard**

On August 22, 2011, Plaintiff Anthony Richardo Turner, a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names thirty (30) Defendants employed at California State Prison, Corcoran. Pl. Compl. at 2-3 & 6-7, Doc. 1. Plaintiff names warden Connie Gibson, Arranda, K. Lomelle, D. Garcia, C. Brown, G. Rangel, J. Martinez, P. Munoz, M. L. Gonzales, R. C. Garcia, J. Gonzales, J. Clark, B. Epstien, Bugni, T. Variz, E. Felix, A. M. Smith, R. Perez, R. Bolen, Maxfield, O. Rodriguez, L. Flores, S. Pina, Raul Lopez, Latrell, M. Cahoun, Edgar Clark, Greg Wall, Yu, and Enriquez. *Id.* Plaintiff also alleges that this is a "class action" for a declaratory judgment and injunction for violations of constitutional rights who Plaintiff deems "Plaintiff Class." *Id.* at 3-4. The "class members" include Plaintiff and twenty-four (24) convicted plaintiff class members. *Id.*

Plaintiff alleges Defendants deny Plaintiff Class meaningful and adequate contact and communications with the general public. *Id.* at 12. Defendants open, obstruct, tamper, and delay their legal attorney or court confidential mail. *Id.* Defendants limit their prison visits, prohibit physical contact during visits, including conjugal visits. *Id.* Defendants deny un-sentenced / pretrial, and

sentenced / convicted prisoners access to the law library, legal materials, and legal supplies. *Id.* at 13. Prisoners are denied access to jailhouse lawyers. *Id.* at 14. Defendants deny Plaintiff Class adequate opportunity to exercise. *Id.* Prisoners are denied access to fresh air and sunshine. *Id.* The prison is overcrowded with bad air and ventilation. *Id.* Defendants deny Plaintiff Class the opportunity to shower on a daily basis. *Id.* at 16. Defendants deny Plaintiff Class an adequate diet, which results in food contamination and food poison illnesses. *Id.* at 16-17. Medical care is wholly inadequate. *Id.* at 17. Defendants arbitrarily seize medications or drugs from prisoners. *Id.* at 18. Defendants are deliberately indifferent to the prisoners' medical needs. *Id.* Prisoners are not give routine and preventative dental care. *Id.* at 19. There is insufficient treatment for drug addicts, and Defendants do not provide methadone for those lawfully entitled to it. *Id.* at 19-20. Defendants impose punishment on Plaintiff Class without due process, notice, hearing, or opportunity to speak for themselves. *Id.* at 20. There are no standardized punishments and include withdrawal of privileges, solitary confinement, isolated cells, loss of television, loss of property, loss of sack lunches, food, denial of exercise or religious services. *Id.* at 20-21. Prisoners are being subjected to physical abuse or violence. *Id.* at 21. They are stripped naked in front of female personnel to their boxers. *Id.* Prisoners that are harshly punished are not fed, given spoiled lunches, or wholly inadequate sack lunches. *Id.* Prisoners that are targeted for specific race class punishment are forcibly placed in administrative segregation, physically brutalized by Defendants, are not provided a mattress, linen, utilities, or drinking water for long hours. *Id.* at 21-22. Sane prisoners are housed with mentally ill inmates, and Defendants failed to make corrective measures to racially balance the environment. *Id.* at 22. Defendants house former gang members with the mentally ill in order to stage violence for retaliation. *Id.* Prisoners are kept in animal holding cages, handcuffed for long hours at a time, and subjected to pepper spray in their mouth and eyes. *Id.* at 22-23. Prisoners are not allowed to practice their religion in administrative segregation. *Id.* at 23. Catholic, Buddhists, Muslims, and Jewish prisoners are not provided spiritual counseling or services. *Id.*

For relief, Plaintiff seeks a declaratory judgment, an injunction, and compensatory and punitive damages. *Id.* at 3, 24, 28. In addition, Plaintiff seeks to enjoin Defendants from retaliating, adverse transferring, harassing, threatening, assaulting, abusing, torturing, entrapping, stalking,

slandering, food poisoning, mail tampering, mis-classifying, staging into violence, provoking, instigating, inducing, falsifying reports for administrative segregation placement, confiscating legal property, destroying legal property, slandering, discriminating against, obstructing regular mail, racial profiling, or any other illegal conduct or conspiracy. *Id.* at 25.

### III. Legal Standard and Analysis for Filing a Prisoner Class Action

Although Plaintiff purports to bring this as a class action, he is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321; *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, this action shall proceed solely with Plaintiff.

### IV. Legal Standard and Analysis for Plaintiff's Claims

#### 1. First Amendment Right to Receive Mail

Plaintiff alleges Defendants open, obstruct, tamper, and delay their legal attorney or court confidential mail. Pl. Compl. at 12.

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by prison officials under certain circumstances. *Witherow*, 52 F.3d at 265; *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (*per curiam*) (outgoing mail); *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (incoming mail). An isolated incident of mail interference or tampering will not support a claim under section 1983. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his First Amendment right to receive mail.

//
//
//

### 2. First Amendment Right to Religion

Plaintiff alleges that prisoners are not allowed to practice their religion in administrative segregation. Pl. Compl. at 23. Catholic, Buddhists, Muslims, and Jewish prisoners are not provided spiritual counseling or services. *Id.*

Inmates retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). The protection of the Free Exercise Clause is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur*, 514 F.3d at 884-85. However, because lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, *Shakur*, 514 F.3d at 884 (citing *O'Lone*, 482 U.S. at 348), any impingement on an inmate's constitutional rights is valid if it is reasonably related to a legitimate penological interest, *id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). At the pleading stage, the Court cannot determine whether an alleged infringement into a protected right is reasonably related to a penological purpose, *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008), and to state a claim, Plaintiff need only demonstrate an infringement into a sincerely held belief which is religious in nature, *Shakur*, 514 F.3d at 885; *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his First Amendment right to religion.

### 3. First Amendment Right to Access to Courts

Defendants deny un-sentenced / pretrial, and sentenced / convicted prisoners access to the law library, legal materials, and legal supplies. Pl. Compl. at 13.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. To bring a claim, a prisoner must have suffered an actual injury by being shut out of court.

*Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his First Amendment right to access the courts.

### 4. First Amendment Retaliation

Plaintiff alleges that Defendants house former gang members with the mentally ill in order to stage violence for retaliation. Pl. Compl. at 22.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants retaliated against his First Amendment right to speech or petition the government.

### 5. Fourth Amendment Unreasonable Searches

Plaintiff alleges that prisoners are stripped naked in front of female personnel to their boxers. Pl. Compl. at 21.

The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S. Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. *Bell*, 441 U.S. at 558-59; *Byrd*, 629 F.3d at 1141; *Bull v. City and Cnty. of San Francisco*, 595 F.3d 964, 974-75 (9th

Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010); *Michenfelder*, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559; *Byrd*, 629 F.3d at 1141; *Bull*, 595 F.3d at 972; *Nunez*, 591 F.3d at 1227; *Michenfelder*, 860 F.2d at 332.

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Fourth Amendment right to reasonable searches.

### 6. Eighth Amendment Conditions of Confinement

Plaintiff alleges that Defendants limit their prison visits, prohibit physical contact during visits, including conjugal visits. Pl. Compl. at 12. Defendants deny Plaintiff Class the opportunity to shower on a daily basis. *Id.* at 16. Defendants deny Plaintiff Class an adequate diet, which results in food contamination and food poison illnesses. *Id.* at 16-17. Prisoners that are harshly punished are not fed, given spoiled lunches, or wholly inadequate sack lunches. *Id.* at 21.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Eighth Amendment right to humane conditions of confinement.

//

//

### 7. Eighth Amendment Failure to Protect

Plaintiff alleges that sane prisoners are housed with mentally ill inmates, and Defendants failed to make corrective measures to racially balance the environment. Pl. Compl. at 22.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan*, 465 F.3d at 1045. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832-33. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants failed to protect him under the Eighth Amendment.

### 8. Eighth Amendment Excessive Force

Plaintiff alleges prisoners are being subjected to physical abuse or violence. Pl. Compl. at 21. Prisoners are kept in animal holding cages, handcuffed for long hours at a time, and subjected to pepper spray in their mouth and eyes. *Id.* at 22-23.

The Eighth Amendment protects prisoners from the use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . " *Hudson*, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these factors, prison authorities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell*, 441 U.S. at 547).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated the Eighth Amendment prohibition against excessive force.

### 9. Eighth Amendment Deliberate Indifference to Serious Medical Need

Plaintiff alleges that medical care is wholly inadequate. Pl. Compl. at 17. Defendants arbitrarily seize medications or drugs from prisoners. *Id.* at 18. Defendants are deliberately indifferent to the prisoners' medical needs. *Id.* Prisoners are not give routine and preventative dental care. *Id.* at 19. There is insufficient treatment for drug addicts, and Defendants do not provide methadone for those lawfully entitled to it. *Id.* at 19-20.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated Eighth Amendment deliberate indifference to serious medical need.

**10. Eighth Amendment Right to Exercise**

Defendants deny Plaintiff Class adequate opportunity to exercise. Pl. Compl. at 14.

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Morgan*, 465 F.3d at 1045 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, *Farmer*, 511 U.S. at 833, is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, *id.* at 828; *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. *Id.* The objective component is contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. 1 at 8. Extreme deprivations are required to make out an Eighth Amendment conditions-of-confinement claim. *Hudson*, 503 U.S. at 9. Because routine discomfort is part of the penalty that criminal

offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Id.* Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. *Farmer*, 511 U.S. at 834. Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Thus, prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that inmates face a substantial risk of harm and they disregard that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an extended period of time is sufficiently serious to state a claim under the Eighth Amendment. *Thomas*, 611 F.3d at 1151-52. Short-term, temporary deprivations of exercise without medical effects, however, are not sufficiently serious to support an Eighth Amendment claim. *Thomas*, 611 F.3d at 1155; *Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1994).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Eighth Amendment right to exercise.

**11. Fourteenth Amendment Right to Due Process for Deprivation of Liberty**

Plaintiff alleges that Defendants impose punishment on Plaintiff Class without due process, notice, hearing, or opportunity to speak for themselves. Pl. Compl. at 20.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)).  Liberty interests created by prison

regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Fourteenth Amendment right to due process for deprivation of liberty.

### 12. Fourteenth Amendment Right to Due Process for Deprivation of Property

Plaintiff alleges that there is a loss of television and loss of property. Pl. Compl. at 20-21.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Fourteenth Amendment right to due process for deprivation of property.

### 13. Fourteenth Amendment Right to Equal Protection

Plaintiff alleges there are no standardized punishments and include withdrawal of privileges, solitary confinement, isolated cells, loss of television, loss of property, loss of sack lunches, food, denial of exercise or religious services. Pl. Compl. at 20-21. Prisoners that are targeted for specific race class punishment are forcibly placed in administrative segregation, physically brutalized by Defendants, are not provided a mattress, linen, utilities, or drinking water for long hours. *Id.* at 21-22. Defendants failed to make corrective measures to racially balance the environment. *Id.* at 22.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009); *Iqbal*, 129 S. Ct. at 1949-50.

Plaintiff fails to state a claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants violated his Fourteenth Amendment right to equal protection.

### V. Legal Standard and Analysis for Unrelated Claims and Defendants

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir.1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), against the same party.

Plaintiff may not pursue, in one action, a litany of claims arising from every event or incident in prison, which Plaintiff believes demonstrates a violation of his rights. Essentially, Plaintiff constructed a laundry list of every possible remote allegation about the unpleasantness of life in prison, with no actual specific facts to link any of the vague and conclusory allegations to any of the named Defendants. Plaintiff also uses the vague term of "prisoners" as the group of people who have allegedly suffered violations of their constitutional rights. *See* Pl. Compl., Doc. 1. It is unclear if the "prisoners" are referring to Plaintiff, his Plaintiff Class, or to "prisoners" in the general population.

At this juncture, as discussed in this order, Plaintiff has not stated any cognizable claims for relief and therefore, the Court declines to determine which claims against which parties are permissible under Rules 20(a)(2) and 18(a), respectively. In amending his complaint, Plaintiff should note the applicable rules and he is forewarned that unrelated claims against unrelated parties will not be permitted to proceed. Fed. R. Civ. P. 21.

### VI. Allegations of Supervisory Liability

In Plaintiff's complaint, he names Warden Connie Gibson but does not make any specific allegations against the warden. Pl. Compl. at 2-3 & 6-7, Doc. 1. With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant

personally participated in the deprivation of his rights. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Plaintiff may not hold the warden liable based on her position of authority as Plaintiff has not alleged any facts linking her to acts or omissions which suggest she participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Warden Gibson based upon supervisory liability.

### VII. Linkage

Plaintiff's claims fail to link a Defendant to specific conduct that allegedly violated Plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff fails to link the named Defendants to any act that deprived Plaintiff of his constitutional rights. Plaintiff thus fails to state a claim against all the named Defendants.

### VIII. Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," *Doe I*, 572 F.3d at 681. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949. While prisoners proceeding pro

se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe*, 627 F.3d at 342. Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Plaintiff's complaint fails to state any claims upon which relief may be granted. The questionable nature of Plaintiff's claims aside, the complaint is devoid of any factual allegations supporting Plaintiff's claims and fails to include any specific allegations linking the acts complained of to the named Defendants. Plaintiff's conclusory allegations of harm do not give rise to any facially plausible claims for relief. Fed. R. Civ. P. 8(a); *Iqbal* at 1949-50.

### IX. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 9, 2012

UNITED STATES MAGISTRATE JUDGE