# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIBSON, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:11-cv-01395-GBC (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Doc. 22<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTION AND INVESTIGATION<br><br>Docs. 19, 21<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

On August 22, 2011, Plaintiff Anthony Richardo Turner ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. On January 23, 2012, Plaintiff filed a motion for injunction from retaliation. Doc. 19. On February 9, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and ordered Plaintiff to file an amended complaint within thirty days. 28 U.S.C. §§ 1915A and 1915(e). Doc. 20. On February 21, 2012, Plaintiff filed a motion for investigation of prisoners killed in complaint. Doc. 21. On February 27, 2012, Plaintiff filed a motion to appoint counsel. Doc. 22. On March 15, 2012, the Court granted Plaintiff's first motion for an extension of time to file an amended complaint. Doc. 24. To date, Plaintiff has not filed an amended complaint or requested an

additional extension of time. As a result, there is no pleading on file that sets forth any claims upon which relief may be granted under § 1983.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the District Court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. In the present case, the Court does not find the required exceptional circumstances to warrant appointed counsel.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Therefore, the Court lacks jurisdiction over prison officials at Corcoran State Prison for allegations of retaliation or an investigation of prisoners killed in complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED;
2. Plaintiff's motions for injunction and investigation, filed January 23, 2012 and February 22, 2012, are DENIED;
3. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983;
4. All pending motions are MOOT for review; and
5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   April 13, 2012

UNITED STATES MAGISTRATE JUDGE